[L.A. No. 30701. Mar. 17, 1977.]

CHARLES L. LEVY, Plaintiff and Respondent, v.
IRVING J. COHEN et al., Defendants and Appellants.

■■■■■■■■

## COUNSEL

David A. Matlin and Bertram H. Ross for Defendants and Appellants.

Robinson & Wolas and Stephen D. Drushall for Plaintiff and Respondent.

## OPINION

**THE COURT.*—**In this action brought against the general partners of a limited partnership to recover on promissory notes executed by them on behalf of the partnership, defendants appeal from a judgment entered after a nonjury trial in favor of plaintiff and against defendants in the sum of $25,000 together with interest and attorney fees.

After decision by the Court of Appeal, Second Appellate District, Division Four, reversing the judgment on the ground that recovery was precluded by the defense of res judicata, we granted a hearing in this court for the purpose of giving further consideration to the issues raised. Having made a thorough examination of the cause, we have concluded that the opinion of the Court of Appeal prepared by Justice Dunn and concurred in by Acting Presiding Justice Kingsley and Justice Jefferson correctly treats and disposes of the issues involved and we adopt such

---

*Before Tobriner, Acting C. J., Mosk, J., Clark, J., Richardson, J., Sullivan, J.,† and Taylor, J.‡

†Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

‡Assigned by the Chairman of the Judicial Council.

■■■■

opinion as and for the opinion of this court. Such opinion (with appropriate deletions and additions) is as follows:*

On December 11, 1972, plaintiff filed an action against Beverly Crest Convalescent Hospital, a limited partnership, and against Cohen, Moshein and Zide, individually and as general partners of the limited partnership defendant. Plaintiff sought payment of two promissory notes of the partnership (executed in its behalf [] [by] defendants Cohen and Moshein, as general partners) in the total principal sum of $25,000, plus interest.[1] The complaint alleged, inter alia: on October 30, 1972,[2] in the United States District Court, Central District of California, the limited partnership filed a proceeding for a real property arrangement under the Bankruptcy Act; in that proceeding, which allegedly was then pending, plaintiff was listed as an unsecured creditor of the limited partnership, having a claim against the partnership for $25,000. Defendants answered the complaint.[3] In a supplement (filed July 31, 1974) to his answer, defendant Cohen alleged, as an affirmative defense: on July 3, 1973, an order confirming a plan of arrangement was entered in the proceeding for real property arrangement filed on behalf of the limited partnership; that order, which became final, provided that defendants Cohen, Moshein and Zide were released from all debts, liabilities and obligations incurred by them on behalf of the limited partnership.[4]

---

*Brackets together, in this manner [] *without enclosing material,* are used to indicate deletions from the opinion of the Court of Appeal; brackets *enclosing material* (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. We thus avoid the extension of quotation marks within quotation marks, which would be incident to the use of such conventional punctuation, and at the same time accurately indicate the matter quoted. In so doing, we adhere to a method of adoption employed by us in the past. (See *Chicago Title Ins. Co.* v. *Great Western Financial Corp.* (1968) 69 Cal.2d 305, 311, fn. 2 [70 Cal.Rptr. 849, 444 P.2d 481], and cases there cited.)

[1] The complaint contained a second cause of action (breach of a written contract of employment). The trial court determined, as a conclusion of law, that plaintiff was not entitled to recover on that count. Plaintiff has not cross-appealed from the judgment insofar as it denied relief on the second cause of action.

[2] According to the findings of fact, the correct date is October 30, 1970.

[3] At the commencement of the trial, plaintiff's attorney told the court that defendant Beverly Crest Convalescent Hospital "was not served with process, and is not a party to this proceeding." We are at a loss to understand this statement because an answer was filed on behalf of Beverly Crest Convalescent Hospital, and the record furnished to us does not indicate that plaintiff dismissed the action as to such defendant. At any rate the apparent discrepancy is immaterial here, for the judgment does not run against Beverly Crest Convalescent Hospital, and it is not a party to this appeal.

[4] Defendant Cohen filed a cross-complaint against plaintiff for money. Judgment was entered in favor of Cohen, and against plaintiff, on the cross-complaint. Plaintiff does not cross-appeal from that portion of the judgment.

The action was tried by the court. Findings of fact and conclusions of law were signed and filed. Among the facts found were the following: the limited partnership, Beverly Crest Convalescent Hospital was formed December 31, 1965; at all times subsequent to that date, defendants Cohen and Moshein have been general partners of Beverly Crest Convalescent Hospital; since November-December 1968, defendant Zide has been a general partner of Beverly Crest Convalescent Hospital; on December 20, 1967, plaintiff became a limited partner of Beverly Crest Convalescent Hospital; on January 23, 1968, he loaned $15,000 to the limited partnership; on that date the partnership, by defendant Cohen, a general partner, executed and delivered to plaintiff a promissory note for $15,000 payable February 22, 1968; on February 2, 1968, plaintiff loaned an additional $15,000 to the limited partnership; this loan was evidenced by a promissory note for $15,000 executed on February 2, 1968, by defendant Cohen on behalf of the limited partnership, and payable March 2, 1968; during the period from the spring of 1968 to December 31, 1968, Beverly Crest Convalescent Hospital, by defendants Cohen and Moshein, general partners, for a valuable consideration executed two promissory notes payable to plaintiff: (1) a note dated January 23, 1968, in the principal sum of $15,000, payable two years from date, received in evidence as exhibit 1; and (2) a note dated February 2, 1968, in the principal sum of $10,000, payable two years from date, received in evidence as exhibit 2; neither of these two notes was truly dated, and neither was delivered to plaintiff until on or after December 31, 1968; interest payments made to plaintiff on all promissory notes totaled $4,766.44; on September 9, 1970, a written demand for payment of all debts which Beverly Crest Convalescent Hospital owed plaintiff was mailed to appellants and each received a copy of it; on October 30, 1970, in the United States District Court, Central District of California, a proceeding for a real property arrangement under chapter XII of the Bankruptcy Act was filed on behalf of debtor Beverly Crest Convalescent Hospital; on the same date, in the same court, a proceeding for an arrangement under chapter XI of the Bankruptcy Act was filed on behalf of debtor Beverly Crest Convalescent Hospital, Inc., a California corporation; the two proceedings were consolidated for administrative purposes; when the chapter XII proceeding was filed, the promissory notes exhibits 1 and 2 represented valid and enforceable obligations against Beverly Crest Convalescent Hospital; plaintiff was an unsecured creditor of Beverly Crest Convalescent Hospital for the combined principal sum ($25,000) of such notes, and he was listed as an unsecured creditor for such sum on a schedule to the petition filed in the chapter XII proceeding; when that proceeding was

filed, and at all times thereafter, defendants Cohen, Moshein and Zide, as general partners of Beverly Crest Convalescent Hospital, were jointly and personally liable to plaintiff for the debts and obligations of Beverly Crest Convalescent Hospital owed to plaintiff; in the chapter XII proceeding, however, Cohen, Moshein and Zide were not debtors; the debtor in that proceeding was the limited partnership, Beverly Crest Convalescent Hospital; on May 15, 1973, a plan of arrangement was filed in the consolidated proceeding; the indebtedness of Beverly Crest Convalescent Hospital to plaintiff was a claim provable in the consolidated proceeding; a proof of claim filed by plaintiff in the chapter XII proceeding was filed late; therefore, plaintiff will not receive any distribution or dividend in the consolidated proceeding; the joint and personal liability of defendants Cohen, Moshein and Zide as general partners of Beverly Crest Convalescent Hospital for its debts and obligations owed to plaintiff was not litigated in the consolidated proceeding; on June 26, 1973, a meeting of creditors was held before a bankruptcy judge to consider the plan of arrangement filed in the consolidated proceeding; notice of such meeting was mailed to all creditors appearing on the list of creditors of the debtors; an order confirming plan of arrangement was filed in the consolidated proceeding on July 3, 1973; that order discharged the limited partnership from all debts and liabilities owed to plaintiff; (the order further provided: "Upon the entry of this Order, the aforesaid Drs. Harry Zide, Irving J. Cohen and Jack Moshein are released and discharged from any and all debts, liabilities and obligations whatsoever incurred in connection with the operation, construction or maintenance of the business, properties and assets of the Debtors herein, as well as from the conduct of the business operations and activities of said Debtors, and the Order shall be and constitute a defense to the assertion of any such claims and evidence of the discharge thereof"); for purposes of the present action, the record upon which the order confirming plan of arrangement is based is the plan of arrangement filed May 15, 1973, in the consolidated proceeding; the order confirming plan of arrangement is broader than the record upon which it is based insofar as such order purports to release and discharge defendants Cohen, Moshein and Zide, as general partners of Beverly Crest Convalescent Hospital, from their joint and personal liability to plaintiff for the debts and obligations of Beverly Crest Convalescent Hospital owed to plaintiff at the time the chapter XII proceeding was filed; the promissory notes exhibits 1 and 2 became due and payable on January 23, 1970, and February 2, 1970, respectively; defendants Cohen, Moshein and Zide, and each of them, are indebted to plaintiff in the principal sum of $25,000, plus interest at 8¼ percent per

annum for a period of 7¼ years in the sum of $14,952.55, less credit for total payments made to plaintiff in the sum of $4,766.44.

As conclusions of law, the court determined: the bankruptcy court in the consolidated proceeding did not have jurisdiction over plaintiff with regard to his claim against defendants Cohen, Moshein and Zide, as general partners of Beverly Crest Convalescent Hospital, to enforce said defendants' personal liability for the debts and obligations of Beverly Crest Convalescent Hospital; "[f]or purposes of the matters at issue in this action only, the Order Confirming Plan of Arrangement filed on July 3, 1973, in the Consolidated Proceeding, is deemed without res judicata effect."

Judgment was entered in favor of plaintiff, and against defendants Cohen, Moshein and Zide, in the principal sum of $25,000, plus interest thereon in the sum of $10,186.11, for a total of $35,186.11, plus $2,381 as attorneys' fees.

■    Defendants contend the judgment must be reversed because the order of the bankruptcy court, releasing defendants from liability for obligations of the limited partnership, was res judicata on the issue of defendants' liability on the promissory notes which are the subject of the present action.

■    The doctrine of res judicata precludes parties or their privies from relitigating an issue that has been finally determined by a court of competent jurisdiction. (*Dillard* v. *McKnight* (1949) 34 Cal.2d 209, 213 [209 P.2d 387, 11 A.L.R.2d 835].) "Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action." (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810 [122 P.2d 892].)   ■    The application of the doctrine in a given case depends upon an affirmative answer to these three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party to or in privity with a party to the prior adjudication? (*Bernhard* v. *Bank of America, supra,* at p. 813. See also *Blonder-Tongue* v. *University Foundation* (1971) 402 U.S. 313, 323-324 [28 L.Ed.2d 788, 796-797, 91 S.Ct. 1434].)   ■    Each of the foregoing requirements is met here:

1. The present action seeks to enforce defendants' liability for an obligation of the limited partnership, a liability which was ordered extinguished by the order confirming plan of arrangement entered in the bankruptcy proceeding.

2. ■ An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a federal district court. (*Miller* v. *Meinhard-Commercial Corp.* (5th Cir. 1972) 462 F.2d 358, 360.) The federal rule is that a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition. (*Stoll* v. *Gottlieb* (1938) 305 U.S. 165, 170-171 [83 L.Ed. 104, 108, 59 S.Ct. 134]; *Martin* v. *Martin* (1970) 2 Cal.3d 752, 761 [87 Cal.Rptr. 526, 470 P.2d 662].) ■ The record does not indicate that the order confirming plan of arrangement was reversed, modified or set aside, Hence, that order is final.

3. ■ Proceedings in bankruptcy are proceedings in rem and all persons concerned, including creditors, are deemed to be parties to the proceedings. (*Chappel* v. *First Trust Co. of Appleton, Wis.* (E.D.Wis. 1940) 30 F.Supp. 765, 766. See also 11 U.S.C. §§ 767 (1), 873 (1).)[5] As an unsecured creditor of the limited partnership, plaintiff (against whom the plea of res judicata is here asserted) was a party to the consolidated proceeding in the bankruptcy court.

Although the requirements for application of res judicata are met in the present case, plaintiff contends the doctrine nevertheless is inapplicable here because, under section 5(j) of the Bankruptcy Act (11 U.S.C. § 23 (j)),[6] the bankruptcy court was without jurisdiction to discharge the liability of defendants for the obligations of the limited partnership.

Full faith and credit must be given to a final order or judgment of a federal court. (Code Civ. Proc., § 1908; *In re Bailleaux* (1956) 47 Cal.2d 258, 260 [302 P.2d 801], disapproved on other grounds in *In re Russell*

[5]Section 767 (pertaining to a chapter XI proceeding) and section 873 (pertaining to a chapter XII proceeding) both provide, in pertinent part: "Upon confirmation of an arrangement—[¶] (1) the arrangement and its provisions shall be binding upon the debtor . . . and upon all creditors of the debtor, whether or not they are affected by the arrangement or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed and are allowable. . . ."

[6]Title 11 United States Code section 23: "(j) The discharge of a partnership shall not discharge the individual general partners thereof from the partnership debts. . . ."

This provision applies to proceedings under chapter XII of the Bankruptcy Act. (11 U.S.C. § 802; *Acme Tool, Inc.* v. *Flesher* (10th Cir. 1962) 309 F.2d 636, 637.)

(1974) 12 Cal.3d 229, 235 [115 Cal.Rptr. 511, 524 P.2d 1295]; *Mueller* v. *Elba Oil Co.* (1942) 21 Cal.2d 188, 205 [130 P.2d 961].) ██ Such an order or judgment has the same effect in the courts of this state as it would have in a federal court. (*In re Bailleaux, supra,* 47 Cal.2d at p. 260; *Bank of America* v. *McLaughlin etc. Co.* (1940) 40 Cal.App.2d 620, 626 [105 P.2d 607].) In the federal jurisdiction, the doctrine of res judicata prevents the readjudication of all matters (including jurisdiction) which were, or might have been, litigated in a prior proceeding between the same parties. (See *Chicot County Dist.* v. *Bank* (1940) 308 U.S. 371 [84 L.Ed. 329, 60 S.Ct. 317]; *Stoll* v. *Gottlieb, supra,* 305 U.S. 165; *Brown* v. *United States* (3d Cir. 1974) 508 F.2d 618, 630-631; *Miller* v. *Meinhard-Commercial Corp., supra,* 462 F.2d at pp. 360-361.)

Here, the trial court found, as a fact, that the question of defendants' liability for the debts and obligations of the limited partnership owed to plaintiff was not litigated in the bankruptcy proceeding. Nevertheless, if plaintiff had an opportunity to litigate such question in that proceeding, his failure to do so would not eliminate, in the present action, the conclusive effect of the bankruptcy court's determination that defendants are not liable for debts of the limited partnership.

Illustrative of this aspect of the doctrine of res judicata is *Chicot County Dist.* v. *Bank, supra,* 308 U.S. [371]. There, respondents brought suit in a United States District Court to recover on bonds issued by petitioner. In its answer, petitioner pleaded as res judicata a decree of the same district court, sitting as a bankruptcy court, rendered in a proceeding instituted by petitioner for a readjustment of its indebtedness. That decree canceled the bonds and enjoined the holders from thereafter asserting any claim thereon. The United States Supreme Court sustained the plea of res judicata even though the statute under which the bankruptcy court had acted was subsequently declared unconstitutional. In this regard, the court stated: "If the general principles governing the defense of *res judicata* are applicable, these bondholders, having the opportunity to raise the question of invalidity, were not the less bound by the decree because they failed to raise it. . . . Whatever the contention as to jurisdiction may be, whether it is that the boundaries of a valid statute have been transgressed, or that the statute itself is invalid, the question of jurisdiction is still one for judicial determination. . . . As the question of validity was one which had to be determined by a judicial decision, if determined at all, no reason appears why it should not be regarded as determinable by the District Court like any other question affecting its jurisdiction. There can be no doubt that if the question of the

constitutionality of the statute had actually been·raised and decided by the District Court in the proceeding to effect a plan of debt readjustment in accordance with the statute, that determination would have been final save as it was open to direct review upon appeal. *Stoll* v. *Gottlieb* . . . [305 U.S. 165]. [¶] The remaining question is simply' whether respondents having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that *res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.' " (308 U.S. at pp. 375, 377-378 [84 L.Ed. at pp. 333, 334-335].)

██    In the present action the findings establish: on May 25, 1973, plaintiff, as an unsecured creditor of the limited partnership, was given notice of the meeting of creditors (held June 26, 1973) which resulted in the order confirming plan of arrangement. "Under *Chicot County* the crucial element that would bar collateral attack on a judgment seems to be whether the party was afforded an opportunity to litigate." *(Brown* v. *United States, supra,* 508 F.2d at p. 631.) Plaintiff here had notice of the meeting of creditors and he does not suggest that he was denied an opportunity, at such meeting, to raise his objection that the bankruptcy court lacked jurisdiction to discharge defendants from liability for the obligations of the limited partnership. Since the objection could have been raised in the bankruptcy proceeding, the order confirming plan of arrangement is conclusive in the present action insofar as such order determined that defendants are not liable for obligations of the limited partnership.

In view of this conclusion, it is unnecessary to consider other points raised by defendants.

[] [The judgment is reversed.]