JANTZEN, Plaintiff-Appellant,

v.

Allen W. BAKER, Jr., Defendant-Respondent.

Court of Appeals

*No. 85–0212. Submitted on briefs March 6, 1986.—Decided April 24, 1986.*

(Also reported in 388 N.W.2d 660.)

For the plaintiff-appellant the cause was submitted on the brief of *Kenneth P. Peterson* of La Crosse.

For the defendant-respondent the cause was submitted on the brief of *Marvin H. Davis* and *Joanis, Davis, Ablan & Joanis* of La Crosse.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Jantzen[1] appeals from a summary judgment limiting its recovery against the defendant-respondent, Allen W. Baker, Jr., to twenty percent of the amount claimed. Jantzen sued Baker as guarantor of a $9,073.69 debt owed to Jantzen by Baker's bankrupt corporation, Allen Stores, Inc.

---

[1] "Jantzen" is not identified in the case caption or briefs. The pleadings, however, indicate that it is a corporation, and we will address it accordingly.

The trial court held that an order of the bankruptcy court limiting Jantzen's recovery to twenty cents on the dollar was *res judicata* and not subject to collateral challenge in this action. Jantzen argues that the bankruptcy court's order does not bar full recovery against Baker because Allen Stores, Inc., not Baker personally, filed the bankruptcy action, and, as a result, the bankruptcy court lacked jurisdiction over Baker's guaranty. That is the sole issue on the appeal, and we resolve it against Jantzen. We therefore affirm the judgment.

In summary judgment cases, we employ the same procedure as the trial court.[2] The pleadings and affidavits filed by the parties show a claim, a defense and the absence of any factual dispute. There remains only an issue of law, which we examine *de novo*.

Allen Stores commenced Chapter 11 bankruptcy proceedings in February, 1983. Jantzen was listed as a creditor and, along with its attorney, was appointed to the creditors' committee. The proposed bankruptcy plan was outlined in a disclosure statement which was served on Jantzen and the other creditors. The statement included a provision that any personal guaranties given by Baker to any of Allen Stores' creditors "shall be deemed to be adjusted, modified and reduced so as to be the same as the indebtedness and obligation of Allen Stores, Inc., under the . . . Plan." Jantzen also received a notice scheduling a hearing on the adequacy of the statement. It is not clear from the record whether Jantzen or its counsel attended the hearing.

---

[2] Those procedures are discussed in several cases, notably *In re Cherokee Park Plat*, 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983), and need not be repeated here.

The bankruptcy court approved the statement and set November 23, 1983, as the deadline for filing objections to confirmation of the plan. Copies of the plan, a ballot and a notice of the confirmation hearing were sent to Jantzen and its counsel. Jantzen abstained from voting on the proposed plan and did not object to confirmation. The plan confirmed by the bankruptcy court placed Jantzen in the class of creditors entitled to recover twenty percent of their claims, and it contained the above-quoted provision which effectively reduced the creditors' recovery on Baker's personal guaranties to twenty cents on the dollar.

Jantzen's action, commenced in March, 1984, was based on Baker's personal guarantee of one of Allen Stores' debts. The guarantee was executed in 1977, and the parties agree that the outstanding balance on the debt is $9,073.69.

The principle of *res judicata* is based on the belief that litigation must come to an end. It makes final adjudication conclusive in any subsequent action between the same parties as to all matters which were, or could have been, litigated in the earlier proceeding. *Landess v. Schmidt*, 115 Wis. 2d 186, 190, 340 N.W.2d 213, 215–16 (Ct. App. 1983). An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by the district court. *Miller v. Meinhard-Commercial Corporation*, 462 F.2d 358, 360 (5th Cir. 1972). As such, it is a final judgment for purposes of the doctrine of *res judicata*. 5 *Collier on Bankruptcy*, sec. 1141.01 at 1141-5-6 (15th ed. 1986).

Jantzen does not dispute these rules. It argues, however, that because the petitioner in the bankruptcy proceedings was Allen Stores, Inc., not Allen Baker

personally, the bankruptcy court never acquired jurisdiction over Baker's "personal debt," and its order was thus void. He cites no authority for the proposition other than an excerpt from a sentence in a legal encyclopedia to the effect that the bankruptcy court "has no jurisdiction of a claim not involving the debtor or its property."[3] He cites a similar source to the effect that "a [void] judgment . . . may not be used as a basis for . . . *res judicata.*"[4]

Baker was the sole owner of Allen Stores, Inc. As its president, he filed the bankruptcy petition on the corporation's behalf. The Restatement tells us that the identity of parties requirement of *res judicata* is met where the two actions involve a closely-held corporation in one case and its principal shareholder in the other. *Restatement (Second) of Judgments* sec. 59(3)(a) (1982). We note, too, that Jantzen was a proper party to the bankruptcy proceedings. Bankruptcy is an *in rem* proceeding and all persons concerned, including creditors, are deemed to be parties. *Chappel v. First Trust Co. of Appleton, Wis.,* 30 F. Supp. 765, 766 (E.D. Wis. 1940). Moreover, 11 U.S.C. 1141(a) (1982) provides that: "the provisions of a confirmed plan bind the debtor . . . and any creditor or equity security holder . . . whether or not the claim or interest of such creditor [or] equity security holder . . . is impaired under the plan and whether or not such creditor [or] equity security holder . . . has accepted the plan."

Jantzen was not only a party to the bankruptcy proceedings, it was a member of the creditors' committee. Knowing that it held Baker's, not the corporation's,

---

[3] 8B C.J.S. *Bankruptcy* sec. 829 at 590 (1963).
[4] 46 Am. Jur. 2d *Judgments* sec. 440 at 610 (1969).

obligation, it never objected to the court's jurisdiction over the guaranty nor to confirmation of the plan which expressly reduced its claim.

Application of the rule of *res judicata* does not depend upon actual litigation of an issue. The earlier judgment is conclusive as to "all matters which were litigated *or which might have been litigated"* in that proceeding. (Emphasis added.) *DePratt v. West Bend Mut. Ins. Co.,* 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983).

In *Stoll v. Gottlieb,* 305 U.S. 165 (1938), the Supreme Court held that confirmation of a bankrupt corporation's reorganization plan which discharged several personal guaranties of the corporation's bonds barred a creditor's subsequent state court action against the guarantors. The creditor in *Stoll,* like Jantzen, was a party to the bankruptcy proceedings and did not object to confirmation of the plan. Like Jantzen, he argued that the bankruptcy court lacked jurisdiction to cancel the personal guaranties, and that, as a result, the bankruptcy judgment did not bar the state action.

The court assumed, *arguendo,* that the bankruptcy court lacked jurisdiction over the guaranties. It concluded, however, that because "[e]very court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter," whether jurisdiction was contested was of no consequence. *Id.* at 171–72. It is enough for purposes of *res judicata* that the issue could have been litigated: "After a party has had his day in court, *with opportunity to present . . . his view of the law,* a collateral attack upon

the decision as to jurisdiction there rendered[5] merely retries the issue." (Emphasis added.) *Id.* at 172.

In a more recent case, *Levy v. Cohen,* 561 P.2d 252 (Cal.), *cert. denied,* 434 U.S. 833 (1977), the California Supreme Court held that the doctrine of *res judicata* prevents readjudication in state court of all matters—including jurisdictional challenges—which were, or which might have been, litigated in prior bankruptcy proceedings involving the same parties. In that case, a creditor sued the general partners of a bankrupt partnership, seeking to hold them personally liable on notes they had executed on behalf of the partnership. The plaintiff had been listed as a creditor in the partnership's Chapter 11 bankruptcy proceedings, and the confirmed plan discharged the general partners from all obligations incurred in connection with the enterprise.

The trial court concluded that the bankruptcy court did not have jurisdiction over the partners' personal debt to the plaintiff and that *res judicata* did not bar the state action. The supreme court reversed, noting first that the principles of *res judicata* apply not only to issues actually presented in the earlier proceeding, but also to any . . . available matter which might have been presented, *Id.* at 257, and then concluded as follows:

---

[5] It appears that the bankruptcy court did rule on the question of jurisdiction over the guaranties, for the creditor raised the issue in a motion to vacate the final decree. The state action, however, was commenced before the motion to vacate was filed, so it is difficult to determine whether the Supreme Court was dealing with a litigated or unlitigated jurisdictional claim. It is of little import, however, for *res judicata* depends on the opportunity to raise the issue; whether it actually was raised is immaterial.

Plaintiff here had notice of the meeting of creditors and he does not suggest that he was denied an opportunity, at such meeting, to raise his objection that the bankruptcy court lacked jurisdiction to discharge defendants from liability for the obligations of the limited partnership. Since the objection could have been raised in the bankruptcy proceeding, the order confirming plan of arrangement is conclusive in the present action insofar as such order determined that defendants are not liable for obligations of the limited partnership. *Id.* at 258.

We see no material difference between the creditors and debtors in *Stoll* and *Levy,* and the parties to the instant action. Jantzen had ample opportunity to raise both its jurisdictional arguments and its objections to the reduction of Baker's guaranties in the bankruptcy proceedings. As a result, the final, unappealed order of the bankruptcy court is *res judicata* and binds the trial court.

*By the Court.*—Judgment affirmed.