**Jonas BRUNTZ and Betty Bruntz, et al., Plaintiffs and Appellants,**

v.

**Kathryn L. RUTHERFORD, Defendant and Appellee.**

No. 16591.

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1989.

Decided Feb. 7, 1990.

Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiffs and appellants.

Donald R. Shultz of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for defendant and appellee.

WUEST, Chief Justice.

Appellants, Jonas Bruntz and Betty Bruntz, et al., (collectively referred to as "Bruntz"), appeal from a summary judgment entered by the circuit court. We affirm.

Bruntz, and others, were investors in securities and promissory notes which were issued by M.J. Rutherford. M.J. Rutherford's wife, Kathryn L. Rutherford (Kathryn), was also an investor in these notes. She was not, however, a partner with respect to her husband's investment company. M.J. Rutherford misappropriated the funds and subsequently found himself unable to pay his creditors. As a result he filed a Chapter 7 Bankruptcy on March 20, 1982. He was subsequently discharged of all debts by order of the bankruptcy court. Bruntz failed to timely object to this discharge.

On May 14, 1986, Bruntz filed a complaint in bankruptcy court, seeking to revoke the discharge on the grounds M.J. Rutherford fraudulently converted the

funds given for the promissory notes. Bruntz alleged M.J. Rutherford made fraudulent misrepresentations to the bankruptcy court which led to the discharge of his debts. In addition to requesting a revocation of the discharge, Bruntz further requested that he be permitted to trace his investment monies to the assets which Kathryn now owns. A hearing was held and arguments were presented to the bankruptcy court with respect to the complaint. Subsequently, an order was entered by the bankruptcy court dismissing the complaint.

Bruntz did not appeal this order to the United States District Court. Instead, he brought an action in the state circuit court seeking to impose a constructive trust on Kathryn's home alleging the funds given to M.J. Rutherford for the promissory notes were fraudulently converted and that these funds are traceable to Kathryn's home. Kathryn filed a motion for summary judgment which was granted by the circuit court and this appeal followed. Although several issues have been raised on appeal, we believe the only issue which requires discussion is whether Bruntz's action is barred by the doctrine of res judicata.

Generally, a summary judgment is looked upon with favor where no genuine issue of fact exists. *Hamaker v. Kenwel–Jackson Machine, Inc.*, 387 N.W.2d 515, 517 (S.D.1986); SDCL 15–6–56. The burden of proof is on the moving party to show clearly that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. *Wilson v. The Great Northern Railway Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968). In the present case, the material facts were not in dispute and we believe it is clear Kathryn was entitled to judgment as a matter of law.

Having reviewed the record in this case, we hold that Bruntz's action is barred by the doctrine of res judicata. It has been held that the doctrine of res judicata prevents readjudication in state court of all matters which were or might have been litigated in prior bankruptcy proceedings involving the same parties. *Levy v. Cohen*, 19 Cal.3d 165, 137 Cal.Rptr. 162, 561 P.2d 252 (1977), *cert. denied*, 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94 (1977); *Jantzen v. Baker*, 131 Wis.2d 507, 388 N.W.2d 660, 662 (App.1986). While it is true Kathryn was not a party involved, nor in privity with a party involved in the prior bankruptcy proceeding, we hold that the doctrine of res judicata may still be applied in this case to bar Bruntz's present action against her.

Prior to our decision in *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153 (S.D.1983), a former judgment would not be given preclusive effect in a subsequent action unless the subsequent action was between the same parties or their privies. *See, Melbourn v. Benham*, 292 N.W.2d 335 (S.D.1980). This was generally referred to as the privity requirement. In *Black Hills Jewelry*, however, we eradicated the privity requirement in defensive uses of res judicata. In doing so, we stated that the doctrine of res judicata may be applied in a civil action when a new defendant affirmatively raises this defense to bar a plaintiff from reasserting the issues the plaintiff has previously litigated and lost on the merits against another defendant. *Black Hills Jewelry, supra*, at 159.

The record in this case reflects that Bruntz had previously litigated, against the bankruptcy trustee, the issues of whether M.J. Rutherford fraudulently converted his funds and whether he ought to be allowed to trace such funds into Kathryn's assets. A judgment was rendered on the merits of these issues and Bruntz lost.[1] Therefore, according to our decision in *Black Hills Jewelry*, Bruntz should not be allowed to

---

**1.** Rule 41(b) of the Federal Rules of Civil Procedure, entitled "Involuntary Dismissals," provides in pertinent part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits*. (Emphasis added).

The involuntary dismissal entered by the bankruptcy court was not for lack of jurisdiction, improper venue, or failure to join a party. Therefore, it operates as an adjudication upon the merits.

try these same issues against a new defendant, namely, Kathryn. The doctrine of res judicata is being utilized here in a defensive manner, therefore Kathryn need not have been a party involved in the prior bankruptcy proceeding in order for the doctrine of res judicata to be applied in this case.

The matters which Bruntz attempted to adjudicate in the present action were previously adjudicated in the prior bankruptcy proceeding. As we have previously noted, the doctrine of res judicata prevents readjudication in state court of all matters which were previously adjudicated in a prior bankruptcy proceeding. Therefore, it is clear that the trial court did not err in granting summary judgment to Kathryn.

Judgment is affirmed.

MORGAN, J., concurs.

HENDERSON, J., concurs with a writing.

SABERS and MILLER, JJ., concur specially.

HENDERSON, Justice (concurring).

### PREFACE

This is a constructive trust lawsuit wherein Appellants seek to impose this type of trust against a widow's homestead for the debts of her deceased husband. Her husband's debts were discharged in United States Bankruptcy Court.

### I.

1. Appellant's alleged cause of action is based upon a claimed indebtedness of Appellee's deceased husband.

2. Appellee's deceased husband obtained a discharge in bankruptcy.

3. Conclusion: Appellants cause of action is barred.

### II.

1. An identical lawsuit to the lawsuit now on appeal was started by Appellants in the Bankruptcy Court which was dismissed on its merits.

2. No appeal was taken from the Bankruptcy Court's Order dismissing Appellants' action.

3. Conclusion: Appellants present lawsuit is barred by the doctrine of res judicata. It is obvious that res judicata serves a purpose to prevent relitigation of an issue which has already been precisely litigated.

### III.

1. Appellants sought a constructive trust and to revoke the discharge granted to the bankrupt through this present state court proceeding.

2. However, the requested constructive trust is barred by res judicata as it was the subject of the very same claim, the latter dismissed on its merits on August 11, 1986, in the Bankruptcy Court.

3. Additionally, Appellants failed to object to the discharge in the bankruptcy proceeding. This was a classic case of a party sleeping on their rights. Res judicata again applies.

### IV.

1. Appellants failed to act under 11 U.S.C. § 727(c)(2) in that they failed to call the constructive trust theory to the attention of the bankruptcy trustee.

2. Thus, they are estopped from maintaining an action and their appeal is inceptually flawed.

3. Additionally, the trustee was the proper party to bring an action for a constructive trust, not Appellants. 11 U.S.C. § 541.

4. Lastly, under 11 U.S.C. § 727(e) a creditor or a bankruptcy trustee must request a revocation of a discharge within one year from the date that the discharge was granted. Here, the Bankruptcy Court had a deadline of November 16, 1983, and no objections were filed whatsoever to the bankrupt's discharge until November 30, 1983.

Beyond peradventure, res judicata applies under these facts. Each set of facts must be examined closely to determine if the doctrine should be applied. Summary

judgment is appropriate to dispose of legal, not factual questions.

I join the Chief Justice's writing believing that it is solid in law with ample authorities cited. I am not interested in shaking up recent stare decisis. *Black Hills Jewelry* has been cited 15 times with approval, including 12 times in this Court, once in the Eighth Circuit Court of Appeals, once in the United States District Court for South Dakota, Central Division, and once in the Supreme Court of Montana.

Lastly, "excessive use of res judicata" should, indeed, be guarded against. I am reminded by an overemphasis of the obvious by my mother, who told me on sundry occasions, with all good intentions, "son, don't miss your plane!" Squarely do the facts fit within the doctrine of res judicata and I do not believe that the Chief Justice missed the plane.

SABERS, Justice (concurring specially).

We must continually guard against the excessive use of res judicata, especially when used to bar claims involving different parties, and against those not in privity with the parties, for fear of denying proper claims of those wrongfully damaged. To do so would deny claimants their "day in court" and be in direct violation of the open courts provision of the South Dakota Constitution art. VI, § 20.

Contrary to the majority opinion, "whether [Bruntz] ought to be allowed to trace such funds into *Kathryn's* assets[,]" was *not* previously litigated. (emphasis added). If it had, there would be no question but that res judicata would apply to prevent a second trial of the same issue. Kathryn was *not* a party to the bankruptcy lawsuit, and Bruntz' complaint in that action only sought to trace funds into "the assets which were *acquired by the debtor.*" (emphasis added). For these two reasons, the bankruptcy lawsuit cannot be considered "identical" to this case.

In the circumstances of this case, it would be unfair to Kathryn to expose her to a claim based on the alleged fraud of another person when, because of passage of time and bankruptcy, it would be too late for her to pursue any claim back against the alleged defrauder. Obviously, Bruntz should have:

1) established his fraud claim against Rutherford, or appealed from the denial thereof, or

2) combined his claim against Rutherford for fraud with his claim against Kathryn for tracing the proceeds of that fraud into her cabin in the Black Hills.

Either approach would have avoided the situation he, and others, now find themselves in. Since Bruntz failed to establish fraud or combine his claims, this was a proper "defensive use" of res judicata.

I am authorized to state that Justice MILLER, joins this special writing.