**Marvin SPECK, Ellen Speck, Shannon Speck and Shawn Speck, Plaintiffs and Appellants,**

v.

**The FEDERAL LAND BANK OF OMAHA, a corporation now identified as Farm Credit Bank of Omaha, Milton E. Nelson and Wayne Williamson, Defendants and Appellees,**

**and**

**Leonard Von Eye, Defendant.**

**Nos. 17629, 17733.**

Supreme Court of South Dakota.

Argued May 26, 1992.

Decided Jan. 13, 1993.

Rick Johnson of Johnson, Eklund & Abourezk, Gregory, for plaintiffs and appellants.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for defendants and appellees Farm Credit Bank of Omaha and Wayne Williamson.

Carl J. Koch, Mitchell, for defendant and appellee Milton E. Nelson.

MOSES, Circuit Judge.

Marvin Speck and Ellen Speck appeal from an order granting summary judgment to the Federal Land Bank (now known as Farm Credit Bank of Omaha) and court appointed receiver Milton E. Nelson which denied their claims for violations of their civil rights and infliction of emotional distress. Shannon Speck and Shawn Speck also appeal from an order granting summary judgment which denied their claims for intentional interference with their property rights against Federal Land Bank and court receiver Nelson. The claims in this case arise from a foreclosure proceeding brought by Federal Land Bank against Marvin and Ellen Speck. We affirm.

Marvin Speck and his brother purchased a section of land in Buffalo County, South Dakota in 1967 through an FHA loan. On April 2, 1981, Marvin and Ellen Speck borrowed $85,000.00 from the Federal Land Bank to purchase the interest of Marvin Speck's brother in this section of land. The Speck's 1982 and 1983 payments were made, at least in part. The May 1, 1984 payment was never made.

On May 7, 1984, Marvin and Ellen Speck filed for protection under Chapter 11 of the United States Bankruptcy Code (reorganization of debts.) During that bankruptcy, the Bankruptcy Court issued an "automatic stay" denying any attempts by any creditor to perfect or collect a lien against the property, without waiver from the Bankruptcy Court. *See* 11 U.S.C. 362.

It appears that the debtors, Marvin and Ellen Speck, reached a settlement agreement with the Federal Land Bank and an order was issued approving the settlement agreement and incorporating it into a Chapter 11 plan.

Since the Specks never completed the Chapter 11 plan, the Federal Land Bank obtained a waiver from the automatic stay and commenced foreclosure proceedings. An order was obtained from the Bankruptcy Court dated July 31, 1987, nunc pro tunc to November 20, 1986. The order dismiss-

ing this first bankruptcy petition was filed by Judge Ecker on August 21, 1987.

On May 15, 1987, the Federal Land Bank commenced foreclosure proceedings against Marvin and Ellen Speck in Buffalo County.

On September 25, 1987, Marvin and Ellen Speck filed a petition for Chapter 12 bankruptcy (family farmer reorganization) which was dismissed on April 29, 1988.

On October 11, 1988, Marvin and Ellen Speck filed a petition for Chapter 11 bankruptcy. The Federal Land Bank obtained a waiver from the automatic stay on March 30, 1989. The petition was dismissed on April 19, 1990.

At no time during the foreclosure process that the Federal Land Bank started on May 15, 1987, did Marvin or Ellen Speck file an "answer" to the foreclosure complaint. Marvin and Ellen Speck represented themselves at all of the foreclosure proceedings.

On February 3, 1988, a hearing to take a default judgment on the mortgage foreclosure was held in Buffalo County. Marvin and Ellen Speck appeared at that hearing without an attorney. Marvin argued that he had been in contact with South Dakota United States Congressman Johnson's office and that under the newly enacted Agricultural Credit Act of 1987, the foreclosure could not continue until he had been offered restructuring rights and had been given certain notices. Marvin further argued that according to South Dakota United States Senator Daschle's office and Congressman Johnson's office the Agriculture Credit Act "stops any foreclosure."

The Agricultural Credit Act was signed into law on January 8, 1988, which was 25 days prior to the February 3, 1988 hearing but nine months after the commencement of the action to foreclose on the mortgage.

On February 3, 1988, some four years after the Specks had defaulted on the mortgage, a judgment of foreclosure was granted to the Federal Land Bank for the amount of the loan together with interest of $159,783.79.

All of Marvin and Ellen Speck's claims for the violation of their civil rights and infliction of emotional distress against the Federal Land Bank arose from the alleged violations of the Agricultural Credit Act of 1987. The trial court granted summary judgment to the Federal Land Bank and also to Milton E. Nelson (court appointed receiver).

Shannon and Shawn Speck alleged that they were the assignees of their parents' rights of redemption with respect to the foreclosed property. They sought to recover damages for injury to the property by Leonard Von Eye, for non-payment of real estate taxes by Milton E. Nelson acting as the receiver, and from all of the defendants for conspiring to prevent Shawn and Shannon Speck from having their possessory rights to the property and for causing emotional distress. The trial court granted summary judgment to Federal Land Bank and court receiver Milton E. Nelson denying these claims. Shannon and Shawn Speck's claims against Leonard Von Eye are not included in this appeal.

■ Summary judgment is proper remedy only when the moving party shows that judgment is merited as a matter of law because there is no genuine issue of material fact. *First Western Bank v. Livestock Yards*, 444 N.W.2d 387 (S.D.1989); *Caneva v. Miners and Merchants Bank*, 335 N.W.2d 339 (S.D.1983). The burden of clearly showing that no genuine issues of fact exist is on the moving party. *Klatt v. Continental Ins. Co.*, 409 N.W.2d 366 (S.D. 1987). The facts must be viewed in a light most favorable to the nonmoving party. *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). *See also, Kaarup v. St. Paul Fire and Marine Insurance*, 485 N.W.2d 802 (S.D. 1992).

Marvin Speck and Ellen Speck pled a cause of action for intentional infliction of emotional distress against the defendants:

1. That the defendant Federal Credit Bank of Omaha disregarded plaintiffs rights under the Agricultural Credit Act of 1987 in completing the foreclosure.

2. That Defendant Nelson, the court appointed receiver, failed to comply with federal law (The Agricultural Credit Act of 1987) in proceeding to lease out the property to Marvin and Ellen Speck following the foreclosure hearing.

3. That defendants, Federal Land Bank, Wayne Williamson and Nelson, conspired together and acted to intentionally inflict emotional distress upon the plaintiffs by their actions in and around the foreclosure.

4. That defendant Nelson exacerbated the intentional infliction of emotional distress by making defamatory statements to others that Marvin Speck was dangerous.

■ The Eighth Circuit Court of Appeals has determined that there is no private right of enforcement under the Agricultural Credit Act of 1987. *See, Zajac v. Federal Land Bank of St. Paul*, 909 F.2d 1181 (8th Cir.1990). *See also In re Jarrett Ranches, Inc.*, 107 B.R. 963 (Bkrtcy.D.S.D. 1989); *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172 (9th Cir.1989); cert. denied, 493 U.S. 1057, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990). The prevailing view of the federal courts is that by enacting a comprehensive scheme with the integrated system of procedures for enforcement Congress clearly intended administrative review to be the exclusive remedy available to borrowers for alleged violations of the Agricultural Credit Act. The result is that the state courts are precluded from creating additional legal or equitable remedies. *Zajac v. Federal Land Bank of St. Paul, supra; Harper v. Federal Land Bank, supra; Griffin v. Federal Land Bank of Wichita*, 902 F.2d 22 (10th Cir. 1990). *See also, Federal Land Bank of Spokane v. Wright*, 120 Idaho 32, 813 P.2d 371 (Idaho App.1991); *Federal Land Bank of Omaha v. Jensen*, 415 N.W.2d 155 (S.D. 1987); *Yankton Prod. Credit Ass'n. v. Jensen*, 416 N.W.2d 860 (S.D.1987); *Mendel v. Production Credit Ass'n. of the Midlands*, 656 F.Supp. 1212 (D.S.D.1987); *Mendel v. Production Credit Ass'n. of the Midlands*, 862 F.2d 180 (8th Cir.1988).

■ Marvin and Ellen Speck claim that the Federal Land Bank disregarded their rights under the Agricultural Credit Act of 1987 by not stopping the foreclosure and failing to comply with the provisions of the Agricultural Credit Act. 12 U.S.C. 2202a(b)(3) provides that:

No qualified lender may foreclose or continue any foreclosure proceeding with respect to any distressed loan before the lender has completed any pending consideration of the loan for restructuring under this section.

In *Federal Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859 (9th Cir.1991), the borrowers characterized 12 U.S.C. 2202a(b)(3) as a mandatory statutory provision stopping foreclosure. The Ninth Circuit Court of Appeals stated:

While we agree that its language clearly prohibits lenders from initiating or continuing foreclosure proceedings before they have "completed any pending consideration of the loan for restructuring," neither the section itself nor any other section of the Act suggests that it operates directly on a state court foreclosure proceeding or that the borrower can enforce the provision in that setting. Nor do the borrowers cite any provisions of Montana law that would allow or require importation of the requirements of a federal statute directed at a federal agency into state foreclosure actions.

926 F.2d at 863. From the record it appears that the Federal Land Bank complied with all of the provisions of the Agricultural Credit Act of 1987, and delayed proceedings in the state foreclosure action to comply with the requirements of the act prior to holding a sale of the property. We are directed to no provisions of South Dakota law that would allow or require importation of the requirements of a federal statute directed at a federal agency into state foreclosure actions.

■ Marvin and Ellen Speck claim that they were entitled to the first opportunity to lease the property being managed by the receiver under the Agricultural Credit Act of 1987.

It is clear from the Agricultural Credit Act of 1987, 12 U.S.C. 2219a, that the right of first opportunity to lease the property is triggered only if the Federal Land Bank or Farm Credit System acquired the property. There is no question, under the evidence of this case, that the Farm Credit System did not acquire the property, and hence was not (and neither was the court receiver Milton E. Nelson) subject to the requirements and provisions of the Agricultural Credit Act of 1987.

Marvin and Ellen Speck allege violations of their civil rights other than violations of the provisions of the Agricultural Credit Act of 1987. However, in reviewing the allegations and specific facts there is no demonstration of these which preclude summary judgement.

■ As a part of their complaint, Marvin and Ellen Speck alleged that Milton E. Nelson made a defamatory statement or statements to others that Marvin Speck was dangerous or could be dangerous. Specks allege that the statements were sent to two unidentified persons. Statements of an opinion rather than fact are not slanderous. *Finck v. City of Tea*, 443 N.W.2d 632 (S.D.1989). These alleged defamatory statements, even if true, are clearly statements of opinion and not fact. They do not meet the civil definition of libel and do not rise to a cause of action. SDCL 20–11–3. *Janklow v. Newsweek Inc.*, 759 F.2d 644 (8th Cir.1985).

Finally, the plaintiffs Marvin and Ellen Speck's first cause of action appears to be based as one for intentional infliction of emotional distress. The elements of such a cause of action as set out in *Petersen v. Sioux Valley Hosp. Assn*, 491 N.W.2d 467 (S.D.1992) include the following:

(1) An act by defendant amounting to extreme and outrageous or reckless conduct;

(2) intent on the part of the defendant to cause plaintiff severe emotional distress or reckless conduct on the part of the defendant that causes plaintiff severe emotional distress;

(3) the defendant's conduct was the cause-in-fact of plaintiff's injuries; and

(4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

*See also Tibke v. McDougall*, 479 N.W.2d 898 (S.D.1992) and *Wangen v. Knudson*, 428 N.W.2d 242 (S.D.1988).

It does not appear from the pleadings, or any of the depositions, affidavits and other arguments that there is any alleged conduct of the defendants which is so extreme or outrageous or reckless as to permit a claim for intentional infliction of emotional distress to proceed to trial. The plaintiffs have failed to demonstrate any specific facts to show conduct on the part of the defendants which would exceed all bounds usually tolerated by decent society or any conduct including reckless conduct which was intended to cause severe emotional distress. *See Wangen v. Knudson, supra.*

Shawn Speck and Shannon Speck allege that they are the assignees of their parents' rights of redemption with respect to the foreclosed property.

The Federal Land Bank has filed a certified copy of a summary judgment in South Dakota Bankruptcy Court case No. 88–30065–INH, adversary No. 89–3010–INH. This summary judgment holds that any purported transfer or conveyance of the rights by quit claim deed and assignment of redemption from Marvin and Ellen Speck to Shawn and Shannon Speck was done while Marvin and Ellen Speck were in bankruptcy proceedings. Because the conveyance of that redemptive right constituted an asset which was part of the bankruptcy estate without notice or hearing or order of the Bankruptcy Court, the purported transfer was ineffective. From the record before us, that decision was not appealed.

It has been held that the doctrine of res judicata prevents readjudication in state court of all matters which were or might have been litigated in prior bankruptcy proceedings involving the same parties. *Levy v. Cohen*, 19 Cal.3d 165, 137 Cal.Rptr. 162, 561 P.2d 252 (1977); *Jantzen v. Baker*, 131 Wis.2d 507, 388 N.W.2d 660, 662 (App. 1986); *Bank of Hoven v. Rausch*, 449 N.W.2d 263 (S.D.1989); *Bruntz v. Rutherford*, 451 N.W.2d 290 (S.D.1990); *Lewton v. McCauley*, 460 N.W.2d 728 (S.D.1990); *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153, 157 (S.D.1983); *Melbourn v. Benham*, 292 N.W.2d 335, 337 (S.D.1980); *Du–Al Manufacturing Company v. Sioux Falls Construction Co.*, 487 N.W.2d 29 (S.D.1992).

■ The doctrine of res judicata bars an attempt to relitigate a cause of action by the parties or one of the parties in privity to a party to an earlier suit. *Merchants State Bank v. Light*, 458 N.W.2d 792 (S.D.1990); *Bank of Hoven v. Rausch, supra.* Having reviewed the record in this case, we hold that Shannon and Shawn Speck's claims based on their interest in the property through the assignment of the right of redemption against the Federal Land Bank or court receiver Milton E. Nelson is barred by the doctrine of res judicata.

■ Shannon Speck and Shawn Speck have failed to plead any specific facts under which they would be legally entitled to recover either contractually or tortiously against Federal Land Bank or receiver Nelson.

■ Neither Shannon nor Shawn Speck were parties to the mortgage with the Federal Land Bank and Marvin and Ellen Speck, nor were they named third party beneficiaries. There was no privity between Shannon and Shawn Speck and the Federal Land Bank or receiver Nelson founded upon common law principles or real property principles. *Time Out Inc. v. Karras*, 469 N.W.2d 380 (S.D.1991). The allegations which the Specks make against Federal Land Bank and receiver Nelson based on failure to comply with the Agricultural Credit Act of 1987 should have been made in the foreclosure proceedings. The doctrine of res judicata prevents those issues from being litigated in this case. The trial court did not err in determining as a matter of law that there were no genuine issues of material fact entitling Marvin and

Ellen Speck to recover against the Federal Land Bank and Milton E. Nelson.

The trial court did not err in determining as a matter of law that there were no genuine issues of material fact entitling Shawn and Shannon Speck to recover against the Federal Land Bank or Milton E. Nelson.

We affirm the trial court on all issues.

MILLER, C.J., SABERS and AMUNDSON, JJ., and HECK, Circuit Judge, concur.

MOSES, Circuit Judge, for HENDERSON, J., disqualified.

HECK, Circuit Judge, for WUEST, J., disqualified.