Filed 4/8/15 Wawock v. Super. Ct. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RICHARD WAWOCK, | No. B261315 |
| Petitioner, | (Super. Ct. No. BC492586) |
| v. | (Elihu M. Berle, Judge) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| CSI ELECTRICAL CONTRACTORS, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING: Petition for Writ of Mandate: Writ Granted.

Hayes Pawlenko, Matthew B. Hayes, Kye D. Pawlenko for Petitioner.

Snell & Wilmer, Steve T. Graham, Todd E. Lundell, Ann Dwyer for Real Party-In-Interest.

Plaintiff Richard Wawock petitions for a writ of mandate. He seeks an order directing the respondent court to deny the petition to confirm arbitration brought by defendant CSI Electrical Contractors, Inc. ("CSI"). We grant the petition.

**STATEMENT OF FACTS AND PROCEDURE**

Wawock, an electrician and a member of the International Brotherhood of Electrical Workers, filed a class action complaint against defendant CSI Electrical Contractors ("CSI"), alleging that CSI failed to pay wages to its electricians for time spent attending mandated training courses on topics such as safety, first aid, and harassment prevention. He stated causes of action for violations of the Labor Code and controlling Wage Orders, and sought an injunction and attorneys fees under the Unfair Competition Law (Business and Professions Code section 17200 et seq.) as well as penalties under the Private Attorneys General Act (PAGA) (Labor Code, § 2698 et seq.).

CSI petitioned to compel arbitration pursuant to a collective bargaining agreement ("CBA"). After hearing, the trial court determined that the CBA committed the threshold question of arbitrability to the Labor Management Committee. Wawock petitioned for writ review and this court issued an alternative writ. On September 17, 2013, a majority of this court denied the petition, holding that the parties had manifested a clear intent to commit the threshold question of arbitrability to the Labor Management Committee. (*Wawock v. Superior Court* (Sept. 17, 2013, B248269) [nonpub. opin.].) This court did not decide the question of arbitrability.

In the meantime, Wawock submitted his claims to the Labor Management Committee, which found them arbitrable. The Labor Management Committee issued a final arbitration award finding in favor of CSI on all claims. Wawock then filed an action in the federal district court to vacate the arbitration award on the ground that the Labor Management Committee manifestly disregarded federal law in finding his statutory claims arbitrable. Wawock's federal complaint invoked federal question jurisdiction. A

2

week later, CSI filed a petition in the superior court seeking to confirm the arbitration award.

In federal court, CSI moved to dismiss the lawsuit on collateral estoppel and abstention grounds, arguing that the Court of Appeal had "explicitly and finally decided" that Wawock's claims were arbitrable. The federal district court denied the motion, determining that this court had not reached the question of arbitrability, but instead had concluded only that the question of arbitrability was to be decided by the Labor Management Committee. The federal district court also declined to abstain.

The federal district court granted Wawock's request to vacate the arbitration award, concluding that the Labor Management Committee manifestly disregarded the law when it found Wawock's claims arbitrable. Specifically, the federal district court determined that the CBA did not make explicit reference to the statutory claims brought by Wawock. (See *Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 80 [CBA's waiver of a judicial forum for an individual's statutory rights must be "clear and unmistakable" and may not be inferred from a general contractual provision]; *14 Penn Plaza LLC v. Pyett* (2009) 556 U.S. 247, 264 [an individual's right to a judicial forum with respect to statutory claims may be waived where the CBA "expressly cover[s] both statutory and contractual . . . claims"].) CSI appealed the order vacating the arbitration award to the Ninth Circuit Court of Appeals, which has not yet acted.

The superior court held a hearing on CSI's petition to confirm the arbitration award. Wawock argued that the petition should be denied because the superior court is required to give full faith and credit to the federal district court's order vacating the arbitration award. Rather than ruling on the petition, the superior court stayed the matter until at least July 15, 2015, when the parties are to provide an update on the status of the appeal to the Ninth Circuit Court of Appeals. Wawock filed this petition for writ of mandate. We issued an alternative writ of mandate. The superior court did not comply with the alternative writ of mandate.

3

# DISCUSSION

## A. *Res Judicata and Full Faith and Credit*

"Full faith and credit must be given to a final order or judgment of a federal court." (*Levy v. Cohen* (1977) 19 Cal.3d 165, 172; *Martin v. Martin* (1970) 2 Cal.3d 752, 761; see also Code Civ. Proc., § 1908, subd. (a)(2).) "California gives full faith and credit to a final order or judgment of a federal court [citation] by 'follow[ing] the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction.'" (*Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163; see also *Levy v. Cohen*, *supra*, 19 Cal.3d at p. 173 [under the full faith and credit doctrine, a federal judgment has the same effect in California courts that it would have in federal courts, and in federal court, res judicata prevents readjudication of all matters that were, or could have been, litigated in a prior proceeding between the same parties].)[1] Res judicata and full faith and credit both have the same preclusive effect.

The federal rule "is that a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition." (*Nathanson v. Hecker, supra,* 99 Cal.App.4th at p. 1163 [quoting *Levy v. Cohen*, *supra*, 19 Cal.3d at p. 172]; see also *Calhoun v. Franchise Tax Bd.* (1978) 20 Cal.3d 881, 887 [in both federal and state court, a federal judgment is final for purposes of res judicata until it is reversed on appeal or otherwise set aside]; *People v. Rath Packing Co.* (1978) 85 Cal.App.3d 308, 323 [district court judgment or order is final for purposes of res

---

[1]     Article IV, section 1 of the United States Constitution requires that "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." This clause has come to mean that the "scope and effect of a federal judgment are identical to those of a judgment of a court of the state in which the federal judgment is rendered." (*Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1451, fn. 5.)

4

judicata].)  In contrast, California orders and judgments are not final so long as an appeal is pending.  (*Nathanson v. Hecker*, *supra*, 99 Cal.App.4th at p. 1163 fn.1.)

As the federal district court's jurisdiction was based on federal question in this case, the order vacating the arbitration award is final notwithstanding the pending appeal in the Ninth Circuit Court of Appeals.  As a final order, it is entitled to res judicata effect and full faith and credit.  (See, e.g., *Calhoun v. Franchise Tax Bd.*, *supra*, 20 Cal.3d at p. 887 [giving res judicata effect to a filed district court judgment, notwithstanding a pending Ninth Circuit Court of Appeals appeal].)  Because the federal district court has vacated the arbitration award, there is no arbitration award to confirm, and principles of res judicata require that the petition to confirm arbitration be denied.

Nonetheless, CSI argues that the trial court had discretion to refuse to deny the petition to confirm arbitration and instead stay the litigation pending resolution of the Ninth Circuit Court of Appeals appeal.  It characterizes the federal district court's order as a decision holding Wawock's claims non-arbitrable, and cites state and federal authority holding that a trial court may stay the underlying action pending appellate resolution of an issue of arbitrability.  (See, e.g., *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189-90 ["an appeal from the denial of a motion to compel arbitration automatically stays all further trial court proceedings on the merits"]; *Britton v. Co-op Banking Group* (9th Cir. 1990) 916 F.2d 1405, 1412 [district court has discretion to stay underlying proceedings pending an appeal from the denial of a motion to compel arbitration].)

The federal district court order on appeal in the Ninth Circuit Court of Appeals is not an order denying a motion to compel arbitration.  Moreover, the issue presented in that appeal is not whether the trial court has discretion to stay the proceedings on Wawock's wage claims.  Rather, we are presented with a federal district court order *vacating* an arbitration award, and the issue is whether the trial court may, in its discretion, refuse to deny a petition to confirm a vacated arbitration award, when the order vacating that award is final and therefore entitled to res judicata effect and full faith and credit.

The trial court has inherent authority to manage and control its own proceedings, "including the inherent authority to stay an action when appropriate . . . [to] overcome problems of simultaneous litigation." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 758.) The trial court, however, also has "an inherent obligation to decide cases *properly brought before* [it]." (*Talley v. Valuation Counselors Group, Inc*. (2010) 191 Cal.App.4th 132, 150.) The federal district court's order is final and there is no related, pending litigation that would affect the outcome. In these circumstances, to stay an action and postpone decision on the petition to confirm an arbitration award, rather than apply res judicata, would deny full faith and credit to a final decision of a federal court.[2]

## B.    Law of the Case

CSI also argues that the law of the case required the trial court to confirm the arbitration award, in spite of the district court's order vacating it. We disagree.

Under the law of the case doctrine, when an appellate court "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal." (*Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893.) In our earlier opinion, we held that the threshold issue of arbitrability "is a matter that has been committed to the [Labor Management] Committee for decision" by the parties' CBA. (*Wawock v. Superior Court* (Sept. 17, 2013, B248269) [nonpub. opin.], p. 7.) We expressly declined to reach the merits of the arbitrability question, "lest the court invade the province of the arbitrator." (*Id*., p. 7.) Because we did not determine the merits of the arbitrability question, CSI errs in arguing that law of the case requires the trial court to hold Wawock's claims arbitrable. We made no such determination.

---

[2]    *Stuart v. Lilves* (1989) 210 Cal.App.3d 1215, 1220, cited by CSI, is not relevant because in that case, the court was faced with two prior inconsistent judgments: the first from California and the second from Colorado. The court held that the Full Faith and Credit Clause did not require the California courts to ignore a California judgment.

## DISPOSITION

The petition for writ of mandate is granted.  Petitioner shall recover his costs.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

GOODMAN, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.