**In re TURNER BROTHERS, INC., Debtor.**

**TURNER BROTHERS, INC., Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, DEPARTMENT OF the TREASURY, Defendant.**

**Bankruptcy No. 85–00053.
Adv. No. 86–0015.**

United States Bankruptcy Court,
E.D. Oklahoma.

Aug. 1, 1986.

Thomas J. Kenan, Oklahoma City, Okl., for Turner Bros., Inc.

Roger Hilfiger, U.S. Atty. by Cary L. Jennings, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for I.R.S.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

This matter came on for hearing May 23, 1986, upon Defendant's Motion To Dismiss Plaintiff's Complaint which seeks to enjoin the United States of America (IRS) from invoking 26 U.S.C. § 6672 against those persons (non-debtors) liable thereunder for Debtor's unpaid taxes plus 100 percent penalty.

After review of the file, the arguments, the Briefs of the parties and consideration, THIS COURT FINDS:

1. Debtor's Complaint, filed herein on March 23, 1986, requests this Court enjoin the IRS from assessing and collecting unpaid corporate taxes from debtor officers under the jurisdictional authority of 28 U.S.C. §§ 1334 and 157 and as a "core" proceeding. This request is founded on the very practical and logical concept that Debtor's Plan of Reorganization (confirmed on January 4, 1986 after considerable input by IRS) provides a six year quarterly payback of the entire amount of taxes due and owing to IRS from Debtor corporation and that the Plan's terms bind IRS.

2. IRS, on April 16, 1986, timely filed their Motion To Dismiss, asserting no jurisdiction post-confirmation and further that the Anti-Injunction Act bars Plaintiff's action.

Based upon the above, the Court concludes that:

A. This Court's jurisdiction is founded upon the "automatic" referral of Title 11 matters by the District Court pursuant to 28 U.S.C. §§ 1334(b) and 157(a), but is qualified by 28 U.S.C. §§ 157(b)(1) and (2) to matters denominated as "core," "arising in" or "related to a case under Title 11." These phrases are limited in their application to either in personam or in rem jurisdiction.

█ B. The Plaintiff, a Chapter 11 (Reorganization) Debtor, and its property were both subject to this Court's jurisdiction as were all Creditors, including IRS, pre-confirmation. With confirmation, the jurisdiction of this Court remains to aid in administration of the Plan or other matters set forth in 28 U.S.C. § 157(b)(2) and the Order of Confirmation.

█ C. This litigation is by the Debtor against a creditor who has a commitment from Debtor in the Plan but desires to pursue relief from what could be characterized as a co-debtor. There is no distinction between Debtor's instant request and that of Debtor, post-confirmation, seeking enforcement of the 11 U.S.C. § 362 "stay" against IRS in behalf of a co-debtor—which is specifically rejected in the Tenth Circuit by *In Re A.J. Mackay Company*, 50 B.R. 756 (Bankr.D.C.Utah, 1985).

D. Also, any reasoning by Debtor/Plaintiff that would rely, for its request, on this Court utilizing the 11 U.S.C. § 105 power is thought to be deficient in this factual setting. This Court is of the opinion that § 105 should be restricted to facts where the "Congressional intent" of the Bankruptcy Code is clear and obvious which is not so in this case. To indulge in Debtor's presumption that Congress desires the Bankruptcy Code to have priority over the IRS claim against a non-debtor individually obligated by Statute is to create a horizon not sufficiently clear and capable of enforcement.

E. This Court can find no jurisdictional basis for Debtor/Plaintiff to request relief in behalf of a non-debtor to protect property which is not subject to this Court's orders.

THEREFORE, IT IS THE ORDER OF THIS COURT that the Motion To Dismiss of the Defendant, United States of America, ex rel. Department of Treasury through the IRS, be sustained.