**In re NCC, INC., a/k/a Natal Construction Co., Inc., Debtor.**

**Civ. A. No. 97–01243.**

United States District Court, E.D. Louisiana.

Oct. 2, 1997.

Brian Paige Charboneau, David L. Haik, Metaire, LA, for Bryon Montz Inc.

Richard A. Swartz, Jr., Slidell, LA, for Ocean Marine Indem. Co.

Rudy J. Cerone, David Ball, McGlinchey, Stafford & Lang, New Orleans, LA, for NCC, Inc.

### ORDER AND REASONS

PORTEOUS, District Judge.

This appeal from a ruling by the U.S. Bankruptcy Court comes to federal court pursuant to 28 U.S.C. § 158. After consideration of the record, parties' memoranda, and oral argument heard by this Court on October 1, 1997, the Court affirms the ruling of the U.S. Bankruptcy Judge which denied Appellant Byron Montz's Motion to Clarify and/or Modify Plan Provision.

### Standard of Review

In an appeal from a bankruptcy judge's order, the district court reviews findings of fact to see if they are clearly erroneous and reviews issues of law *de novo*. *In re Haber Oil Co.*, 12 F.3d 426, 434 (5th Cir.1994). In this case only legal issues are raised.

### The issue on appeal

The movant, Byron Montz, Inc. ("Montz") is a general unsecured creditor of NCC, Inc. ("NCC") whose Chapter 11 plan was confirmed on June 6, 1996. The disputed provision of that plan says that Ocean Marine Indemnity Co. ("Ocean Marine") which had posted the bond for NCC's debt to Montz will be released from all claims after monies or assets are distributed according to the plan. The central issue on appeal before this Court is whether the Bankruptcy Judge erred in not allowing the plan to be modified so that it did not release Ocean Marine from Montz's claim.

Montz's argues that the Bankruptcy Court does not have jurisdiction to release a nondebtor surety from its obligations. He also states that his motion is one for relief from judgment under Bankruptcy Rule 9024 which incorporates Rule 60 of the Federal Rules of Civil Procedure.

### Statement of Facts

NCC, which was the general contractor on a building owned by the City of New Orleans, owed Montz $28,351.11 for a paint job. Along with other subcontractors, Montz filed a lien under the Public Works Act. Ocean Marine Indemnity Co. ("Ocean Marine"), as surety for NCC, bonded out the liens on the building project.

Later, on August 23, 1995, NCC filed for Chapter 11 bankruptcy. A plan was filed within the 120–day exclusivity period and on March 14, 1996, NCC proposed an Amended Plan of Reorganization. A confirmation hearing was held on May 23, 1996, and the plan, which amounted to a liquidation and distribution of NCC's assets, was confirmed without objection in open court. According to NCC, Montz did not attend the hearing. An Order was entered by the Bankruptcy Court confirming the plan on June 6, 1996.

In December, 1996, NCC objected in a hearing to the amount of Montz's claim because he did not complete the work. Later in the proceedings NCC withdrew its complaint.

Under the plan, Montz will not recover the full $28,351.11 owed to him because he is a general unsecured creditor governed by Class 9. This provides for *pro-rata* payment of the allowed amount of the claim only to the extent that there is a surplus available after satisfying creditors with superior rights.

On January 10, 1997, roughly six months after the plan was confirmed, Montz filed a Motion to Clarify and/or Modify Plan Provision and a hearing was held by the Bankruptcy Court on February 25, 1997. The motion was denied on March 4, 1997.

This Court notes one critical entry from the docket sheet of the United States Bankruptcy Court. Document Number 140 shows an Order was signed on March 21, 1997, denying Motion to Stay. Therefore Montz has proceeded in his appeal without a stay in place.

### Law and Argument: Mootness

 The failure or inability to obtain a stay pending appeal "carries the risk that review might be precluded on mootness grounds." *Manges v. Seattle–First National Bank et al.,* 29 F.3d 1034, 1039 (5th Cir.1994). There is a three-part test for mootness which according to the *Manges* Court "protects the interests of non-adverse third parties who are not before the reviewing court but who have acted in reliance upon the plan as implemented." *Id.* at 1038. As the *Manges* Court noted, the determination centers on

whether it makes sense to " 'upset the plan of reorganization at this late date.' " *Id.* (citing *In re UNR Indus., Inc.,* 20 F.3d 766, 769 (7th Cir.1994)).

The three factors to determine whether the appeal is moot are: (I) whether a stay has been obtained (II) whether the plan has been "substantially consummated" and (III) whether the relief requested would affect either the rights of parties not before the court or the success of the plan. *Id.* The Court finds that these three parts have been satisfied for the following reasons.

(I) As noted earlier a stay was not granted by the bankruptcy court. The Bankruptcy Code states: "A motion for stay ... must ordinarily be presented to the bankruptcy judge in the first instance." Bankruptcy Code § 8005. If the bankruptcy judge does not suspend the proceedings, a motion for relief can be made to the district court but the "motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." *Id.* Appellant Montz did not conform to this rule because no stay was granted by the bankruptcy judge and no motion for relief was filed in the district court.

(II) The Court finds that the three prongs for substantial consummation of the plan have been met. First, according to appellee's brief, the transfer of substantially all of the property that the Plan proposes to transfer was accomplished several months ago when settlement proceeds from lawsuits against the St. Tammany Parish School Board—NCC's primary asset—were transferred to NCC as disbursing agent. By the time of oral argument, NCC's counsel said the plan was fully consummated and that Montz had been paid his pro-rata share.

The second prong requires the Debtor to assume the business or the management of all or substantially all of the property dealt with by the plan. In this case, NCC's plan called for a liquidation and thus the company never intended to assume management of the business. However, NCC states in its brief that it is managing the property from which distributions are made. Accordingly, the second prong is satisfied.

The third requirement—commencement of distribution under the plan—has also been met. NCC states in its brief that final distributions to the secured creditors have been made and those to the unsecured creditors (such as Montz) in Class 9 are currently underway.

Therefore, because the plan has been substantially consummated, the second element of mootness is present.

(III) The Court finds that the relief requested would affect either the rights of parties not before the court or the success of the plan. Ocean Marine is not a party in this appeal proceeding and thus because the relief requested by Montz would affect Ocean Marine's rights, the third mootness prong is met.

**Law and Argument: Relief from Judgment to Modify the Plan**

■ Even if the plan were not moot, the Court would still uphold the Bankruptcy Court's decision not to modify or clarity the plan because it finds neither the jurisdictional hurdles alleged by Montz nor does it find any evidence of misrepresentation in the plan's language.

Plaintiff had his chance to propose a modification to the plan but did not lodge an objection before the confirmation hearing. As noted earlier, neither Montz nor his counsel even attended the hearing. He had time to appeal the disputed provision after confirmation but did not take the opportunity. Once a plan is confirmed, the Bankruptcy Code clearly states the effect of confirmation:

> [P]rovisions of a confirmed plan bind the debtor ... whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

Bankruptcy Code § 1141(a).

Montz cites *Matter of Sandy Ridge Development Corp.*, 881 F.2d 1346, 1351 (5th Cir. 1989) for the proposition that discharge of a debtor in bankruptcy cannot affect the liability of a guarantor. However, the challenge to the third-party release in *Sandy Ridge* was raised *at the hearing* on the confirmation plan. *Id.* at 1349.

Montz also relies on *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987) for the holding that a bankruptcy court lacks subject matter jurisdiction to effect the discharge of a non-debtor. *Id.,* at 1051, n. 6. However, upon closer examination, the Fifth Circuit in *Shoaf* held that the doctrine of *res judicata* barred creditors from suing to enforce payment by a guaranty which was released under the confirmed reorganization. *Id.* at 1053. *See also Sandy Ridge*, 881 F.2d at 1349 (noting that *Shoaf* held that *res judicata* effect is given to an order approving a plan which expressly provides for release of a third party guarantor).

In *Shoaf,* the creditor, like Montz, neither objected to the appealed provision nor appealed the confirmation of the plan. Prior to confirmation of the plan, however, the creditor initiated an action on the guaranty against Shoaf. After the plan was confirmed, Shoaf raised the defense of *res judicata* with which the Fifth Circuit agreed and held:

> Regardless of whether that provision is inconsistent with bankruptcy laws or within the authority of the bankruptcy court, it is nonetheless included in the plan, which was confirmed by the bankruptcy court · without objection and was not appealed.

*Shoaf,* 815 F.2d at 1050.

As if there was any doubt about the *Shoaf* court's intention that an order confirming a plan of reorganization is a final judgment on the merits and has a *res judicata* effect regardless of jurisdiction, the holding further stated: "Indeed, our opinion today *assumes* that the Bankruptcy Court did not have subject matter jurisdiction to release the guaranty in question here." *Id.* at 1051 n. 6.

This ruling is further reiterated in *In re Howard,* 972 F.2d 639 (5th Cir.1992) which stated: "[*Republic Supply Co. v.*] *Shoaf* stands for the proposition that a confirmed ... plan is *res judicata* as to all parties who participate in the confirmation process." *Id.* at 641.

Montz sidesteps the issue of whether *res judicata* would bar modification of the NCC plan by stating in his brief that:

The decision *Shoaf* dealt exclusively and expressly with a collateral attack on the plan, raised in an action against the guarantor which action was not part of the bankruptcy. The clear implication of the decision in *Republic Supply Co.,* is that had the question of the validity of the release of the guarantor been raised on appeal, then the release would not have survived.

Appellant's Brief in Appeal from U.S. Bankruptcy Court, page 14, *citing Republic Supply,* 815 F.2d at 1050.

Montz claims, therefore, that he is not attacking the provision of the plan which purports to release Ocean Marine. Instead he claims that his motion is seeking relief from the Bankruptcy Court's judgment per Bankruptcy Rule 9024 which incorporates Rule 60 of the Federal Rules of Civil Procedure (FRCP). This rule provides that the Court may relieve a party from final judgment despite a *res judicata* bar for a number of reasons. Montz seeks relief under Rule 60(b)(3) alleging fraud, misrepresentation, or other misconduct of an adverse party over the provision releasing Ocean Marine. Fed. R.Civ.Pro. 60 (b)(3).

The disputed provision of the Confirmed Plan is Art. XI which states:

The *rights afforded to Holders of Claims* and Interest by and in the Plan *shall be in exchange for and in complete release, satisfaction and discharge of all claims against NCC, and any co-debtors, sureties,* or other parties, if any who may be jointly or severally liable with NCC for the payment of any Claims, including any increases in any Claim of whatever nature or kind from and after the Petition Date against NCC or any of its Assets, except as otherwise provided herein. *Upon the date of full payment of each Claim hereunder, all such Claims against NCC and any co-debtors, sureties, or other parties,* if any, who may be jointly or severally liable with NCC for the payment of Claims, *shall be released, satisfied and discharged in full,* and all claimants shall be forever precluded from asserting against NCC, or the Assets, any Claim or any claim based upon any act or omission, transaction or other activity of any kind or nature by or of NCC that occurred prior to the confirmation Date.

Art. XI of the Confirmed Plan of Debtor NCC, Inc. (Emphasis added)

The Court agrees with the Bankruptcy Judge who stated in the February 25, 1997 hearing on this issue: "The [Bankruptcy] Court believes that the language in the plan is clear. It needs no clarification. It says if you take the money you're going to release the debtor and its surety." Hearing Transcript, February 25, 1997, pp. 11–12. Montz' assertions of misrepresentation approaching fraud on the court because Ocean Marine is not specifically mentioned are misplaced; Ocean Marine is a surety and the release of all sureties is made very clear.

As the appellee, NCC, points out only one objection to the plan before confirmation was raised and that was by a secured creditor, Varco Pruden, who subsequently withdrew its complaint. There was no confusion over the plan as seen by the lack of objections at confirmation and NCC states that after confirmation no party in interest filed an appeal of the Confirmation Order.

Finally, there is one last point concerning this appeal for equitable relief. The Court finds Montz's reliance on *In re A.J. Mackay Co.,* 50 B.R. 756 (D.C.Utah 1985) misplaced. As stated earlier, the relief which Montz seeks under B.R. 9024 is a modification of the plan so that Ocean Marine will not be released from its statutory bond. The *Mackay* Court held that a bankruptcy court is not barred by res judicata in modifying a Chapter 11 plan after confirmation. The court reversed a bankruptcy court's order staying the creditor from pursuing a prebankruptcy default judgment against the owner of his debtor company. The court, however, did note that modifications are not undertaken lightly after confirmation by stating: "Because of the delicacy of the reorganization process, modifications should be allowed after confirmation only in extreme circumstances." *Mackay,* 50 B.R. at 760 n. 2. It is important to note that the creditor in *Mackay* initiated his appeal for relief only two months after the plan was confirmed

which presumably was before substantial consummation.

The Fifth Circuit, however, in a case where it found substantial consummation to have taken place referred specifically to the *Mackay* holding on modification after confirmation and said: "We disagree. The Bankruptcy Code provides that a plan may not be modified or amended after substantial consummation has taken place." *Manges,* 29 F.3d at 1043 n. 13.

In the case at bar, the plan was in full swing by the time Montz decided to take action six months after confirmation.

In view of the fact that Montz did not obtain a stay or seek a motion from this Court for relief from the bankruptcy court's denial of a stay, the plan continues to be carried out. At the time the briefs were submitted, even unsecured creditors were getting paid. Now, according to NCC's counsel at oral argument, the plan is fully consummated.

The Court finds the appeal lodged by Montz is moot and that even if it were not moot, the plan has progressed too far for modification. Furthermore, the relief Montz seeks from alleged misrepresentation in the plan's language is denied because the plan is clear and any objections in this case could have been raised easily well before six months after confirmation. Accordingly,

**IT IS THE ORDER OF THE COURT** that the ruling by the Bankruptcy Court denying Appellant Byron Montz Inc.'s motion to clarify/and or modify the confirmed plan to release Ocean Marine be affirmed and that the appeal by Appellant Byron Montz, Inc. for relief from that ruling be DENIED.