Filed 11/3/15  Eboreime v. Bank of America, N.A. CA2/4
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BABATUNDE A. EBOREIME<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>Defendants and Respondents. | B259803<br><br>(Los Angeles County<br>Super. Ct. No. BC528559) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt, Judge.  Affirmed.

Babatunde A. Eboreime, in pro. per. for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Jonah S. Van Zandt and Kerry W. Franich for Defendants and Respondents.

_____

In this action for fraudulent concealment and violation of the unfair competition law (Bus. & Prof. Code, § 17200 (UCL)), plaintiff Babatunde A. Eboreime appeals from the judgment dismissing his complaint against defendants Bank of America, N.A. (BANA) and its employees, Seda Babadjanians, Tran N. Nguyen, and Stephanie Powell (BANA employees) after their demurrer was sustained without leave to amend. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In an appeal from a dismissal after the sustaining of a demurrer, we accept as true the material allegations of the complaint. (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 401.) The facts as alleged in plaintiff's first amended complaint, the operative pleading, are summarized as follows.

In 1976, Eboreime acquired a house at 3948 Park Vista Avenue in Pasadena. On August 27, 2007, Eboreime obtained a refinance loan from BANA in the amount of $565,560. In the process of obtaining the loan, BANA employees orally represented to Eboreime that he would be offered a loan at an interest rate that was no greater than four percent. After BANA employees cultivated his trust, they directed him to sign a large stack of documents, telling him to "sign here" and "initial here." Eboreime did not know that he was committing to a fixed interest rate of seven percent.[1]

In 2010, after experiencing financial difficulty, Eboreime retained a "forensic examiner" to review his loan documents. Through this process, he discovered the interest rate on his loan was seven percent. Subsequently, Eboreime sent several written requests to BANA, asking that his interest rate be reduced to make his mortgage payments more affordable. He also applied for a loan modification under the federal Home Affordable Modification Program. The federal agency determined he was ineligible for the program.

In October 2011, a notice of default was recorded under Eboreime's deed of trust, stating that he was $62,577.33 in arrears on his loan. In an effort to avoid foreclosure, Eboreime filed a Chapter 13 bankruptcy petition in March 2013. The schedule filed with

---

[1] The parties refer to the interest rate as both "seven percent" and "7.12 percent." We refer to it here as "seven percent."

2

the petition did not list any claim against BANA. In response to the required listing of "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," he checked "none." On August 27, 2013, the bankruptcy court confirmed Eboreime's Chapter 13 plan. Both Eboreime and BANA represent in their briefs that Eboreime is still in default.

Eboreime filed this lawsuit on November 22, 2013. His initial complaint alleged claims for fraudulent concealment, violation of the UCL, and sought issuance of a temporary restraining order and preliminary and permanent injunctive relief, precluding a foreclosure sale.

Defendants demurred to the complaint on the grounds that the action was barred by res judicata and judicial estoppel and the complaint did not allege that Eboreime had tendered the amount due. The demurrer also included a general ground that Eboreime failed to state facts sufficient to constitute a cause of action and on the grounds that the first cause of action for fraudulent concealment was barred by the statute of limitations. The court sustained the demurrer with leave to amend.

Eboreime filed a first amended complaint alleging claims for fraudulent concealment and violation of the UCL. Defendants demurred on the same grounds as they had to the initial complaint. The court granted defendants' request for judicial notice of Eboreime's bankruptcy schedules. The court did not sustain the demurrer on the grounds of res judicata and judicial estoppel, but sustained it on all other grounds without leave to amend. The court issued its minute order sustaining the demurrer without leave to amend on October 21, 2014. Eboreime filed his notice of appeal on October 30, 2014. The court entered the judgment of dismissal on November 5, 2014. Eboreime's appeal is premature because no appeal lies from an order sustaining a demurrer; however, we construe it as an appeal from the November 5, 2014 judgment of dismissal. (Cal. Rules of Court, rule 8.104(d); *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353.)

## DISCUSSION

We review de novo the trial court's order sustaining a demurrer. (*Linear

3

*Technology Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4th 115, 122.) "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The order of dismissal must be affirmed if supported by any of the grounds of a general demurrer. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

The trial court declined to sustain the demurrer on res judicata grounds, concluding that the issue of the interest rate on Eboreime's loan was not clearly resolved in the bankruptcy proceedings and that there was no discussion in BANA's demurrer as to how the bankruptcy proceedings related to the claims asserted by Eboreime against BANA employees, the noncorporate defendants. The parties briefed all issues stated in the demurrer, even those on which the trial court declined to sustain the demurrer. For the reasons that follow, we conclude Eboreime's claims are barred by res judicata.

The normal rules of res judicata apply to the decisions of bankruptcy courts. (*Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163.) "The application of [res judicata] in a given case depends upon an affirmative answer to these three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party to or in privity with a party to the prior adjudication?" (*Levy v. Cohen* (1977) 19 Cal.3d 165, 171.)

"[T]he doctrine of res judicata prevents the readjudication of all matters . . . which were, or might have been, litigated in a prior proceeding between the same parties." (*Levy v. Cohen*, *supra,* 19 Cal.3d at p. 173.) The gravamen of Eboreime's complaint is that the high interest rate defendants surreptitiously applied to his loan caused him to fall behind on his payments and ultimately default. To avoid foreclosure, Eboreime filed a

Chapter 13 bankruptcy petition in March 2013.  The interest rate on his BANA loan was the catalyst for his default and thus necessarily at issue when the bankruptcy court rescheduled his debt.

A debtor is required to list in the bankruptcy schedules any cross-claims the debtor might have against a creditor.  (See *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614 [debtor should list any legal claims against creditor whose wrongful conduct caused bankruptcy; subsequent action on unlisted claim is barred].)  Eboreime's claims against defendants, alleging fraud and a violation of the UCL, are based on claims about conduct that occurred before he filed for bankruptcy, and hence should have been raised in the bankruptcy proceeding.  Yet, in response to the required listing of "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Eboreime checked "None."  (*Billmeyer v. Plaza Bank of Commerce* (1995) 42 Cal.App.4th 1086, 1091 [Because the Bankruptcy Code requires a petitioner to disclose the whole spectrum of a petitioner's financial affairs, courts have universally held that a debtor who has failed to disclose a potential lender-liability lawsuit in a bankruptcy proceeding is barred by res judicata from bringing the action after confirmation of the bankruptcy reorganization plan].)

"'[A] bankruptcy court's allowance or disallowance of a claim is a final judgment' [citation] and '"is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata."'  [Citations.]" (*Nathanson v. Hecker, supra,* 99 Cal.App.4th at p. 1163; see also 11 U.S.C. § 1327(a) ["The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan. . . ."].)  Eboreime's Chapter 13 plan was confirmed by the bankruptcy court on August 27, 2013 and serves as a final judgment for purposes of res judicata.

Eboreime, the party against whom res judicata is asserted, was a party to the bankruptcy proceeding.  Defendant BANA, as one of Eboreime's creditors, also was a party to the bankruptcy proceeding.  Although BANA employees were not parties to the

5

bankruptcy proceedings, they may still assert res judicata against Eboreime. In *Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 812 (*Bernhard*), the California Supreme Court held that, with respect to the privity requirement, "[t]here is no compelling reason . . . for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." (*Ibid.*) "The decision in *Bernhard* . . . thoroughly established the rule that it is not necessary to show that the party asserting the plea of res judicata was a party to the earlier litigation." (*Loughran v. Reynolds* (1945) 70 Cal.App.2d 241, 244, italics omitted.) Defendants BANA employees' liability is premised on their conduct as employees of BANA for the same causes of action that Eboreime has alleged against BANA. (See *Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.App.4th 566, 579 ["[It] is 'not necessary [to establish mutuality and privity] where the liability of the [party] asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier [action] brought by the same plaintiff upon the same facts. [Citations.]'"].)

Because all of the requirements for application of res judicata are met, we conclude that Eboreime's claims against defendants BANA and BANA employees are barred by res judicata. Our resolution of this issue makes it unnecessary for us to address the other arguments raised by the parties.

## DISPOSITION

The order is affirmed. Defendants are entitled to their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


EPSTEIN, P. J.


We concur:


WILLHITE, J.                                    MANELLA, J.

6