Filed 12/11/15  Borria v. Wells Fargo Bank CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. borriadraft.doc

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| GEORGE D. BORRIA et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>    Defendants and Respondents. | D067639<br><br><br>(Super. Ct. No. 37-2014-00027496-CU-OR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Joseph C. La Costa for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton, Kerry W. Franich and Andrew Minegar for Defendants and Respondents.

Plaintiffs and appellants George D. Borria and Grace A. Neffa-Borria (the Borrias) appeal a judgment of dismissal entered after the trial court sustained, without leave to amend, a demurrer brought on several grounds by defendants HSBC Bank USA, N.A. and Wells Fargo Bank, N.A (the Banks).  We affirm the judgment of dismissal of the Borrias' first amended complaint (FAC).

FACTUAL AND PROCEDURAL BACKGROUND

Because the Banks' demurrer raised both issues of res judicata and failure to state the causes of action, we outline the history of the Borrias' other actions against the Banks. Each of the Borrias' three actions sought to prevent the foreclosure on the Borrias' property at 6169 Primrose Drive, La Mesa, CA 91942 (the Property).

A.  *The Borrias' Current Action*

In August 2014, the Borrias filed this superior court action (the Current Action). The operative pleading is the FAC, which sought declaratory and injunctive relief, alleging four causes of action arising out of the Banks' allegedly improper efforts to foreclose on the Property.  The Borrias alleged that the notice of default (NOD) was defective because it lacked a declaration and single point of contact in violation of Civil Code[1] section 2923.5.  They further claimed that the Banks failed to give a single point of contact when one was requested, in violation of section 2923.7, and that the NOD was improperly mailed in violation of section 2924b.  Due to these alleged violations, they claim the NOD must be cancelled as invalid.

B.  *The Borrias' First State Lawsuit Against the Banks*

The Borrias previously sued the Banks in superior court (*Borria v. Wells Fargo Bank, N.A.* (Super. Ct., San Diego County, 2012, No. 2012-00069443-CU-OR-EC); the State Action).  The State Action, brought in September 2012, sought monetary, injunctive, and declaratory relief arising out of the Banks' allegedly wrongful foreclosure efforts upon the Property.  The complaint, as amended, asserted that an assignment of the

---

1      All further statutory references are to the Civil Code unless stated otherwise.

Banks' deed of trust (DOT) was a fraudulent conveyance and therefore invalid, that the Banks were required to issue a loan modification, that the Banks made fraudulent misrepresentations, and that the NOD was improperly executed because it lacked a toll-free phone number and the declaration attached to it was statutorily insufficient.

The Banks brought a demurrer to the Borrias' complaint on several grounds. In July 2013, before the hearing on the demurrer took place, the Borrias voluntarily dismissed their case without prejudice. (Code Civil Proc, § 581, subd. (b)(1).)[2]

### C. *The Borrias' Federal Action Against the Banks*

In July 2013, the Borrias filed their second suit against the Banks in United States District Court for the Southern District of California (*Borria v. Wells Fargo Bank, N.A.* (S.D.Cal., July 30, 2013, No. 13CV1784W-KSC); the Federal Action). The Federal Action again sought monetary, injunctive, and declaratory relief related to the Banks' allegedly improper efforts to foreclose on the Property. The Borrias' original and first amended complaints were dismissed without prejudice. The operative second amended complaint pled two causes of action: the first for unlawful business practices regarding the assignment of the DOT (Bus. & Prof. Code, § 17200); and the second for cancellation of both the DOT and the corporate assignment of the DOT.

The Banks responded to the second amended complaint with another motion to dismiss. In July 2014, before a hearing was held on the Banks' motion, the Borrias

---

2        Code of Civil Procedure section 581, subdivision (b)(1) states in relevant part: (b) An action may be dismissed in any of the following instances: (1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any.

voluntarily dismissed their case, this time under the Federal Rules of Civil Procedure (FRCP), rule 41(a)(1)(A) (28 U.S.C.).[3] The Banks then filed in the district court their "Notice of Effect" of the Borrias' dismissal, citing FRCP, rule 41. This notice informed the parties that the Banks interpreted the second voluntary dismissal as operating as an adjudication on the merits of the Borrias' claims against the Banks. The Borrias did not respond to this notice.

### D. The Banks' Demurrer to the Borrias' Current Action

The operative pleading in the Current Action is the FAC, to which the Banks demurred. The Banks first argued that all of the Borrias' claims were barred by res judicata. (*Levy v. Cohen* (1977) 19 Cal.3d 165, 171 [res judicata precludes litigation of an issue that was finally determined by a court of competent jurisdiction].)

Additionally, the Banks argued the Borrias' claims based on the California Homeowner Bill of Rights (§ 2923.5 et seq.) failed because the legislation did not apply retroactively. (See, e.g., *Rockridge Trust v. Wells Fargo, N.A.* (N.D. Cal. 2013) 985 F.Supp.2d 1110, 1153.) The Banks asserted the FAC was defective because the Borrias have not tendered the amount of the default, as required to pursue their claim under section 2924b. Lastly, the Banks argued the Borrias' request for cancellation of documents failed because the Property has not been sold through foreclosure and the Borrias have not suffered any prejudice.

---

3    FRCP, rule 41(a)(1)(A) provides: "*Without a Court Order.* Subject to Rules 23(e) . . . and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal." (Original italics.)

In support of their demurrer, the Banks brought a request for judicial notice[4] that included all of the Borrias' complaints and dismissals from their previous actions, along with the recorded DOT and NOD associated with the Property.

In opposition to the demurrer, the Borrias asserted their claims are not barred by res judicata because there was no prior judgment on a federal question, and the doctrine should not extend to claims that could have been raised. They also argued their individual claims should not fail because there is a factual dispute regarding the NOD, a tender was not required because no sale has occurred, and because the Banks had not complied with the law, the NOD should be cancelled.

The trial court sustained the Banks' demurrer without leave to amend and dismissed the Borrias' FAC with prejudice.

## DISCUSSION

On appeal, the Borrias assert, in very general language, that the trial court erred in sustaining the demurrer, and that even if the ruling were proper, they should have been given leave to amend. The Banks respond that the Borrias have waived any error on appeal because their opening brief failed to discuss the viability of their causes of action, and that in any case, res judicata bars the Borrias from asserting their claims against the Banks.

---

4    The Banks requested judicial notice of court documents under Evidence Code sections 452, subdivisions (d) and (h) and 453. Evidence Code section 452, subdivision (d) states that a court may judicially notice records of any state or federal court in the United States. Evidence Code section 452, subdivision (h) provides that a court can judicially notice "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

# I

## *STANDARD OF REVIEW*

When reviewing a judgment of dismissal after the sustaining of a demurrer, an appellate court first evaluates the complaint de novo to determine if it states sufficient facts to support its causes of action. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) Next, if the demurrer was sustained without leave to amend, the reviewing court determines whether the trial court abused its discretion in that respect. (*Ibid.*) If there is a reasonable possibility disclosed by the record that the defects could be cured by amendment, the trial court has abused its discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

On review, we treat the demurrer as admitting all material facts properly pleaded in the complaint. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) "We must affirm the judgment if sustaining of a demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons." (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81.)

In reviewing a judgment, an appellate court is not required to scour the record in order to find error. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) An appellant's opening brief must summarize the significant facts limited to matters in the record. (*Ibid.*) An appellant's brief must "support any reference to a matter in the record by a citation to the volume and page in the record." (Cal. Rules of Court, rule 8.204(a)(1)(C).) When an appellant raises a contention, he or she must support it with reasoned argument and citation to authority. (*Nelson v. Avondale Homeowners Assn.* (2009) 172

6

Cal.App.4th 857, 862.)  Failure to adhere to these rules may result in waiver of an appellate argument.  (*Nwosu*, *supra*, at p. 1246.)

II

*DEFICIENCY OF THE BORRIAS' BRIEF*

The Borrias' opening brief does not discuss the viability of any of their four causes of action against the Banks or any of the arguments made in the Banks' demurrer, or explain how the trial court erred.   No reply brief was filed.  The Banks argue the Borrias have waived any claims of error in the judgment, and in any event, there was no error.

The sole argument in the Borrias' brief is that "by any reading of the [FAC], and accepting the factual allegations therein, it is clear that the Complaint has sufficiently plead viable causes of action" and that any deficiency "can be cured by simple amendment."  However, this recitation of general principles is insufficient.  The Borrias do not address why their causes of action are viable or why their claims should survive the res judicata bar.  Additionally, the record the Borrias provided was inadequate, as it did not contain the Banks' demurrer to the Borrias' FAC (although it has now been provided in the respondents' appendix).

As argued in their demurrer, the Banks contend they can satisfy the three requirements needed for res judicata to bar the Borrias' claims.  First, the Borrias asserted the same claims in all three of their actions against the Banks.  Second, under FRCP, rule 41(a)(1)(B),[5] the Borrias' two voluntary dismissals operate as a final judgment on the

---

5      FRCP, rule 41(a)(1)(B) provides:  "*Effect.*  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed

merits under federal law. Lastly, there was privity between the Banks and the Borrias in all three of their actions against the Banks. (*Turtle Island Restoration Network v. U.S. Dept. of State* (9th Cir. 2012) 673 F.3d 914, 917-918.) The Banks requested judicial notice of court filings and documents that the Borrias filed in the State and Federal Actions.[6]

The applicability of res judicata to the Borrias' claims is somewhat complex, and would involve analysis of issues that they do not remotely touch upon in their brief. They rely on authority concerning the standard of review, but fail to address the issues that the Banks raised in their demurrer regarding each individual cause of action, or provide substantive authority in support of their contentions that their FAC pleaded viable causes of action. They have not presented any argument or authorities related to the applicability of res judicata to all of their claims. The burden is on an appellant to show that the trial court erred, yet the Borrias have failed to point out any error. These failures are grounds for waiver of any arguments on appeal that the demurrer was erroneously sustained.

---

any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (Original italics; *Commercial Space Management Co., Inc. v. Boeing Co., Inc.* (9th Cir. 1999) 193 F.3d 1074, 1080 ["two dismissal rule"].)

6    Evidence Code section 453 provides that a court shall judicially notice any matter covered by Evidence Code section 452 if a party requests it, gives sufficient notice to adverse parties, and furnishes the court with sufficient information to allow it to take judicial notice of the matter. Here, the Banks requested judicial notice under Evidence Code section 452, subdivisions (d) and (h), properly gave notice to the Borrias, and have included in the record copies of the documents to be judicially noticed.

There is no indication in the record that the trial court abused its discretion in denying the Borrias leave to amend their FAC.  The Borrias had the burden of showing a reasonable possibility of curing the defects in the complaint, and how any amendments to the FAC would change its legal effect.  (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1387-1388.)  On appeal, they simply make conclusory statements that "even if the factual allegations are in some manner lacking some necessary fact, this can be cured by simple amendment."  It remains unclear how any amendment to the FAC would cure these defects.  The judgment of dismissal is supported by the record.

### DISPOSITION

The judgment of dismissal is affirmed.  Costs are awarded to Respondents.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.

9